**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KENNETH BARNES | ) |
| 1301 U Street, N.W. | ) |
| Apartment 517 | ) |
| Washington, D.C. 20009 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| CONNECTICUT GENERAL LIFE | ) |
| INSURANCE COMPANY | ) |
| Two Liberty Place, TL18A | ) |
| 1601 Chestnut Street | ) |
| Philadelphia, PA 19192 | ) |
| | ) |
| | ) |
| CIGNA GROUP INSURANCE | ) |
| Routing 212E | ) |
| 12225 Greenville Avenue | ) |
| Suite 1000 LB 179 | ) |
| Dallas, TX 75243-9382 | ) |
| | ) |
| CIGNA DISABILITY | ) |
| MANAGEMENT SOLUTIONS | ) |
| Routing 212E | ) |
| 12225 Greenville Avenue | ) |
| Suite 1000 LB 179 | ) |
| Dallas, TX 75243-9382 | ) |
| | ) |
| | ) |
| Defendants. | ) |

## **COMPLAINT**

Plaintiff Kenneth Barnes ("Plaintiff") alleges as follows:

1.     This case is a claim for violation of statutory provisions of, and clarification

of rights to disability benefits under, the Employee Retirement Income Security Act of 1974,

as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and for breaches of fiduciary duties under ERISA.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the federal claims in this action by virtue of 29 U.S.C. § 1132(e) and 28 U.S.C. §§ 1331 and 1332 because this is a civil action arising under the laws of the United States and because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

3.      Venue in this district is proper pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(a), inasmuch as this is the district where the breach took place, where Plaintiff worked, and where Plaintiff resides.

## PARTIES

4.      Plaintiff is an adult male citizen of the United States, residing at the address noted in the caption. Plaintiff previously worked for Multivision Cable TV Corporation ("Multivision") and was eligible to participate in the Multivision Cable TV Corporation Group Disability Insurance Plan (the "Plan"). The Plan is an employee welfare benefit plan within the meaning of section 3(1) and (3) of ERISA.

5.      Defendants Connecticut General Life Insurance Company, CIGNA Group Insurance, and CIGNA Disability Management Solutions (collectively, "Defendant") are located at addresses noted in the caption and provided disability benefits to eligible employees of Multivision under a policy of insurance with M.L. Media Partners. Under the express terms of the Plan, Defendant is the entity "designated to consider the appeal of denied claims." Because Defendant did in fact render a final determination on

Plaintiff's claim (and appeal) for benefits under the terms of an ERISA Plan, Defendant is a fiduciary within the meaning of Section 3(21) of ERISA.

6. On information and belief, Multivision is no longer a valid legal entity capable of being served with process.

7. On information and belief, the Plan is no longer a valid legal entity capable of being served with process.

8. On information and belief, Defendant funds all benefits paid out under the Plan to eligible former employees of Multivision through a policy of insurance previously purchased by Multivision (or a corporate parent of Multivision). On information and belief, although the Plan itself may or may not continue as a valid legal entity, Defendant interprets the terms of the Plan in making benefits determinations through the aforementioned insurance policy.

**FACTS**

9. By virtue of his status as an employee of Multivision, Plaintiff was eligible to participate in the Plan.

10. As relevant here, the Plan defines "Totally Disabled" as "if, because of an Injury or Sickness, you are unable to perform all the essential duties of your occupation." The Plan further states that after benefits have been payable for twenty-four months, "you will be considered Totally Disabled only if, because of Injury or Sickness, you are unable to perform all the essential duties of any occupation for which you are or may reasonably become qualified based on your education, training or experience."

11. The Plan defines "Sickness" in relevant part as "a physical or mental illness.

12. During his employment with the Company, Plaintiff became eligible for long term disability benefits under the Plan due to a serious illness and respiratory disease. Plaintiff's original date of disability was October 9, 1990 (the date that Defendant determined Plaintiff was first "Totally Disabled" within the meaning of the Plan) and Plaintiff began receiving benefits under the Plan in late 1990 or early 1991.

13. By letter dated April 29, 2005, approximately fourteen years after the onset of Plaintiff's becoming "Totally Disabled" within the meaning of the Plan, Defendant informed Plaintiff that he would not longer receive disability benefits under the Plan based on an alleged "lack of medical information" in his claim file.

14. By letter dated May 22, 2005, Plaintiff appealed Defendant's termination of his disability benefits.

15. By letter dated May 24, 2005, Defendant notified Plaintiff that it had received his request for review of the denial of his claim for long term disability benefits and would make a determination within thirty days.

16. By letter dated June 22, 2005, Defendant reversed course and notified Plaintiff that he, allegedly, had not formally requested an appeal.

17. On July 15, 2005, Plaintiff submitted a second formal request for appeal, along with medical records from his physician, Dr. Alvin Thomas, that supported his current and permanent inability to work. Plaintiff subsequently submitted additional medical records in support of his appeal.

18. By letter dated December 6, 2005, CIGNA's own medical consultant noted that although Plaintiff allegedly was capable of performing at least a sedentary type of job "from a pulmonary" perspective, there is a period of decreased functionality due to

[Plaintiff's] sudden visual deterioration that occurred in the late summer 2005." CIGNA's medical consultant went on to state that Plaintiff "developed an acute open angle glaucoma in the right eye" and "a vitrous hemorrhage in the right eye," for which Plaintiff could not compensate with his left eye because of a cataract in the left eye," and that it would be difficult for claimant to do "even sedentary work" because of his inadequate visual activity. In a letter appendum dated December 9, 2005, CIGNA's medical consultant noted that Plaintiff's vision was "not acceptable even with correction for doing most work activities" and that it was "unclear whether [Plaintiff's] vision will improve enough such that he could even do a sedentary job." The December 9, 2005 letter appendum from CIGNA's medical consultant also stated that "[r]ight now, [Plaintiff] is even at risk of tripping, failing, etc. due to loss of visual acuity." Finally, the consultant noted in this letter that "[t]here is insufficient information available to ascertain when the claimant's eye condition will improve to the point where his visual acuity is adequate even for a sedentary job."

19.    By letter dated December 22, 2005, Defendant denied Plaintiff's appeal of its earlier denial of long term disability benefits, noting that "we must deny your claim for Long-Term Disability benefits beyond April 27, 2005." The December 22, 2005 letter asserted that Plaintiff could perform a "sedentary" job, despite the recent reports from Defendant's own medical consultant that clearly indicated that Plaintiff could not perform a sedentary job at that time.

20.    It is clear from Defendant's December 22, 2005 letter that Defendant relied upon evidence selectively chosen because the documentation submitted by Plaintiff

5

and CIGNA's own medical consultant clearly stated -- contrary to CIGNA's assertion -- that Plaintiff's was unable to work in even a sedentary position.

21.     Although Plaintiff requested that Defendant provide him with various Plan documents, including any applicable Summary Plan Description, the Plan's claim procedures, and the most recent version of the Plan, Defendant did not provide this information to Plaintiff.  Rather, Defendant informed Plaintiff that this information could only be obtained through Multivision -- an entity that, as noted above, is no longer a valid operating entity.  Accordingly, Defendant has deprived Plaintiff of the ability to obtain Plan documents to which he is entitled under ERISA.

### COUNT I – Against All Defendants
### Claim for Benefits Pursuant to ERISA § 502(a)(1)(B)

22.     The averments of paragraph 1 through 21 are incorporated herein by reference.

23.     Plaintiff has exhausted his administrative remedies under the terms of the Plan.

24.     Plaintiff was and is entitled to long term disability benefits under the terms of the Plan.

25.     Defendant operated under a clear conflict of interest because, among other things, Defendant both funds the benefits paid out under the Plan (through a general insurance policy) and is responsible for administering the Plan and making benefits determinations.

26.     Defendant's denial of Plaintiff's long term disability benefits was wrongful, based on evidence selectively chosen, and in violation of the terms and conditions of the Plan because Plaintiff has presented Defendant with clear evidence of

6

his inability to work in any capacity due to a serious medical illness. Defendant's decision to deny Plaintiff's disability benefits therefore was arbitrary and capricious.

27.  The Court should apply a *de novo* or heightened arbitrary and capricious standard of review to Defendants' decision to deny Plaintiff disability benefits because Defendant failed to consider relevant medical information and, as noted above, operated under a conflict of interest.

28.  The Court should apply a *de novo* standard of review to Defendant's decision to deny Plaintiff disability benefits because the Plan does not grant Defendant sufficient discretionary authority to allow for the application of an arbitrary and capricious standard of review as set forth in the Supreme Court's *Firestone* decision.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment as follows:

   a.  For long term disability benefits payable under the Plan;

   b.  For an award of pre-judgment interest;

   c.  For an award of reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1);

   d.  For costs; and

   e.  For the grant of such further and additional relief as this Court deems just and proper.

## COUNT II – Against All Defendants
### Breach of Fiduciary Duty Pursuant to ERISA §§ 404(a)(1)(A), 409 and 502(a)(3)

29.  The averments of paragraphs 1 through 28 are incorporated by reference as if fully set forth at length herein.

30. By virtue of its position as fiduciary of the Plan, Defendant owed a fiduciary duty of prudence, loyalty and care to Plaintiff under section 404(a)(1) of ERISA, including a duty to act solely in the interest of Plan participants and beneficiaries and for the exclusive purpose of providing Plan benefits to participants and beneficiaries.

31. Defendant has failed to act with the requisite prudence, breached this fiduciary duty owed to Plaintiff, and injured Plaintiff, by, among other things:

   a. Failing to administer the Plan solely in the interest of participants and beneficiaries for the exclusive purpose of providing benefits for the participants and their beneficiaries;

   b. Failing to consider relevant information submitted by Plaintiff and his medical providers;

   c. Failing to provide relevant Plan documents and materials to Plaintiff; and

   d. Operating under a conflict of interest.

30. The Company, the Plan and the Committee have been unjustly enriched by breaching this fiduciary duty.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment as follows:

   a. For an order requiring Defendant to reinstate Plaintiff's eligibility under the Plan and requiring Defendant to reinstate Plaintiff's disability benefit;

    b. For disgorgement of profits, equitable restitution, and the imposition of a constructive trust over funds Defendant wrongfully hold in its possession that rightfully belong to Plaintiff;

    c. For an equitable award of pre-judgment interest;

    d. For an award of reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2);

    e. For costs; and

    f. For the grant of such further and additional equitable relief as this Court deems just and proper.

Dated:  August 25, 2006                      Respectfully submitted,

                                              BAILEY & EHRENBERG PLLC

                                              By:  //s//  Jason H. Ehrenberg
                                                       _____
                                              Jason H. Ehrenberg (DC # 469077)
                                              1155 Connecticut Avenue NW
                                              Suite 1100
                                              Washington, D.C. 20036
                                              Tel:  (202) 465-2927
                                              Fax:  (202) 318-7071
                                              jhe@becounsel.com

                                              **Attorneys for Plaintiff**