IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH BARNES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-cv-01501-PLF |
| ) | |
| ) | |
| CONNECTICUT GENERAL LIFE ) | |
| INSURANCE COMPANY, et al. ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF LAWSUIT AND REQUEST FOR
WAIVER OF SERVICE OF SUMMONS**

TO:   CONNECTICUT GENERAL LIFE
      INSURANCE COMPANY
      Two Liberty Place, TL18A
      1601 Chestnut Street
      Philadelphia, PA 19192
      Attn: Legal Department

   A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the District of Columbia and has been assigned the docket number 06-cv-01501-PLF.

   This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

   If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

   If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will

then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this 12th day of September, 2006

BAILEY & EHRENBERG PLLC

By: _____
Jason H. Ehrenberg (D.C. # 4690077)
1155 Connecticut Avenue N.W.
Suite 1100
Washington, D.C. 20036
Tel: (202) 465-4729
Fax: (202) 318-7071
jhe@becounsel.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH BARNES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-cv-01501-PLF |
| ) | |
| ) | |
| CONNECTICUT GENERAL LIFE ) | |
| INSURANCE COMPANY, et al. ) | |
| ) | |
| Defendants. ) | |

TO:   Jason H. Ehrenberg

I acknowledge receipt of your request that I waive service of a summons in the action of *Barnes v. Connecticut General Life Insurance Company, et al.*, which is case number 06-cv-01501-PLF in the United States District Court for the District of Columbia. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after September 12, 2006.

CONNECTICUT GENERAL LIFE INS. CO.

Date: _____

Signature _____

Printed/Typed Name
Title: _____

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause can be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH BARNES            )
                          )
    Plaintiff,            )
                          )
vs.                       )   Case No. 06-cv-01501-PLF
                          )
                          )
CONNECTICUT GENERAL LIFE  )
INSURANCE COMPANY, et al. )
                          )
    Defendants.           )

### NOTICE OF LAWSUIT AND REQUEST FOR
### WAIVER OF SERVICE OF SUMMONS

TO:    CIGNA DISABILITY MANAGEMENT SOLUTIONS
        Routing 212E
        12225 Greenville Avenue
        Suite 1000 LB 179
        Dallas, TX  75243-9382            )
        Attn: Legal Department

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the District of Columbia and has been assigned the docket number 06-cv-01501-PLF.

    This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

    If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will

then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this 12th day of September, 2006

BAILEY & EHRENBERG PLLC

By: _____
Jason H. Ehrenberg (D.C. # 4690077)
1155 Connecticut Avenue N.W.
Suite 1100
Washington, D.C. 20036
Tel: (202) 465-4729
Fax: (202) 318-7071
jhe@becounsel.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH BARNES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-cv-01501-PLF |
| ) | |
| ) | |
| CONNECTICUT GENERAL LIFE ) | |
| INSURANCE COMPANY, et al. ) | |
| ) | |
| Defendants. ) | |

TO:   Jason H. Ehrenberg

    I acknowledge receipt of your request that I waive service of a summons in the action of *Barnes v. Connecticut General Life Insurance Company, et al.*, which is case number 06-cv-01501-PLF in the United States District Court for the District of Columbia. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after September 12, 2006.

                                                           CIGNA DISABILITY MANAGEMENT SOLUTIONS

                                                           _____

Date:_____                 Signature

                                                           _____
                                                           Printed/Typed Name
                                                           Title:_____

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause can be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH BARNES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-cv-01501-PLF |
| ) | |
| ) | |
| CONNECTICUT GENERAL LIFE ) | |
| INSURANCE COMPANY, et al. ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:    CIGNA GROUP INSURANCE
Routing 212E
12225 Greenville Avenue
Suite 1000 LB 179
Dallas, TX 75243-9382
Attn: Legal Department

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the District of Columbia and has been assigned the docket number 06-cv-01501-PLF.

    This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

    If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will

then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

    I affirm that this request is being sent to you on behalf of the plaintiff, this 12th day of September, 2006

BAILEY & EHRENBERG PLLC

By: _/s/ Jason Ehrenberg_
Jason H. Ehrenberg (D.C. # 469007)
1155 Connecticut Avenue N.W.
Suite 1100
Washington, D.C. 20036
Tel: (202) 465-4729
Fax: (202) 318-7071
jhe@becounsel.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH BARNES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-cv-01501-PLF |
| ) | |
| ) | |
| CONNECTICUT GENERAL LIFE ) | |
| INSURANCE COMPANY, et al. ) | |
| ) | |
| Defendants. ) | |

TO:  Jason H. Ehrenberg

I acknowledge receipt of your request that I waive service of a summons in the action of *Barnes v. Connecticut General Life Insurance Company, et al.*, which is case number 06-cv-01501-PLF in the United States District Court for the District of Columbia. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after September 12, 2006.

                                                CIGNA GROUP INSURANCE


Date: _____                             Signature _____

                                                Printed/Typed Name _____
                                                Title: _____

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause can be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.