IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

KENNETH BARNES

    Plaintiff,

v.

CONNECTICUT GENERAL LIFE INSURANCE COMPANY, et al.

    Defendant.

Case No. 06-cv-01501 PLF

---

## ANSWER TO COMPLAINT
## BY DEFENDANT CONNECTICUT GENERAL LIFE INSURANCE COMPANY

Defendant, Connecticut General Life Insurance Company ("CGLIC" or "Defendant") through counsel, hereby answers the Complaint as follows:[1]

### FIRST DEFENSE

The Complaint fails to state claims upon which relief can be granted.

### SECOND DEFENSE

The numbered paragraphs of the Complaint are answered as follows:

1.    Paragraph 1 of the Complaint sets forth both allegations of jurisdiction and legal conclusions to which no response is required. To the extent that a response is required, Defendant states that the Complaint speaks for itself with regard to the nature of claims and relief sought.

2.    Paragraph 2 of the Complaint sets forth both allegations of jurisdiction and legal conclusions to which no response is required. To the extent that a response is required,

---

[1] CIGNA Group Insurance and CIGNA Disability Management Solutions are service marks and are not legal entities that are capable of suing or being sued.

246678.1

Defendant admits only the existence of the statutory authority referred to in Paragraph 2 of the Complaint.

3.  Paragraph 3 of the Complaint sets forth allegations regarding venue, to which no response is required. To the extent a response is required, Defendant admits only the existence of the statutory authority referred to in Paragraph 3 of the Complaint.

4.  Defendant lacks sufficient information or knowledge to respond to the allegations in paragraph 4 of the Complaint and demands strict proof thereof.

5.  Defendant denies the allegations in paragraph 5, to the extent that neither CIGNA Group Insurance nor CIGNA Disability Management Solutions provided disability benefits. In addition, paragraph 5 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only the existence of the statutory authority referred to in Paragraph 5 of the Complaint.

6.  Defendant lacks sufficient information or knowledge to respond to the allegations in paragraph 6 of the Complaint and demands strict proof thereof.

7.  Defendant admits the allegations in paragraph 7 of the Complaint.

8.  Defendant states that CGLIC was strictly the claim administrator of the LTD Plan offered to employees of M.L. Media Partners.

## Facts

9.  Defendant admits the allegations in paragraph 9 of the Complaint.

10. Defendant states that the Policy in question speaks for itself with regard to the terms and conditions under which benefits may be available. Defendant admits that the provisions cited in paragraph 10 are contained in the written plan materials.

246678.1

11. Defendant states that the Policy in question speaks for itself with regard to the terms and conditions under which benefits may be available. Defendant admits that the provisions cited in paragraph 11 are contained in the written plan materials.

12. Defendant admits that plaintiff became eligible for LTD benefits during the course of his period of eligibility under the Plan.

13. Defendant admits that plaintiff was denied disability benefits as alleged in paragraph 13 of the Complaint

14. Defendant admits that plaintiff sought reconsideration of the decision to deny his claim for disability benefits as alleged in paragraph 14 of the Complaint.

15. Defendant admits that plaintiff was sent a letter advising him of the status of his appeal of the benefit determination.

16. Defendant denies the allegations as phrased in paragraph 16 of the Complaint. Defendant states that plaintiff was sent a letter advising that his appeal had not been formally requested.

17. Defendant admits that plaintiff submitted additional documentation in support of his claim, but denies the remaining allegations in paragraph 17 of the Complaint.

18. Defendant states that the determination letter in question speaks for itself with regard to the findings and representations therein.

19. Defendant states that the determination letter in question speaks for itself with regard to the findings and representations therein, and that it advised plaintiff that his benefits were terminated.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant lacks sufficient information or knowledge to respond to the allegations in paragraph 21 of the Complaint and demands strict proof thereof.

## COUNT I

22. Defendant hereby incorporates by reference as if fully set forth herein its responses to Paragraphs 1 through 21 of the Complaint.

23. Defendant admits the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

WHEREFORE, Defendant denies that plaintiff is entitled to any relief requested in the Complaint.

## COUNT II

29. Defendant hereby incorporates by reference as if fully set forth herein its responses to Paragraphs 1 through 28 of the Complaint.

30. Paragraph 30 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies any allegation of wrongdoing as alleged in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 30 (*sic*) of the Complaint.

WHEREFORE, Defendant denies that plaintiff is entitled to any relief requested in the Complaint.

## THIRD DEFENSE

To the extent that plaintiff alleges state law based claims or seeks state law based relief, such claims and relief are preempted or otherwise barred by the provisions of the Employee Retirement Income Security Act of 1974.

## FOURTH DEFENSE

Plaintiff's claims are or may be barred by the provisions of the applicable employee welfare benefit plan or Group Insurance Contract.

## FIFTH DEFENSE

Defendant's determinations were in accordance with the discretion afforded by the employee benefit plan or Group Insurance Contract and were not arbitrary, capricious, or an abuse of discretion.

## SIXTH DEFENSE

Plaintiff's recovery, if any, is or may be subject to Defendant's entitlement to a set-off based on amounts already paid, overpaid, or expected to be paid to plaintiff, including but not limited to Social Security disability benefits that plaintiff may have received or continued to receive.

## SEVENTH DEFENSE

Defendant acted in good faith as to all matters and at all times relevant to this action.

## EIGHTH DEFENSE

Defendant asserts that Plaintiff has or may have failed to mitigate his damages.

## NINTH DEFENSE

Defendant reserves the right to assert that all claims made in this suit are or may be barred by the doctrines of waiver, laches, estoppel, unclean hands, and payment, and may be barred by the applicable statute of limitations.

**TENTH DEFENSE**

Defendant asserts that the Court lacks or may lack subject matter jurisdiction over the claims as pled and personal jurisdiction over the parties.

**ELEVENTH DEFENSE**

Defendant asserts that the claims set forth in the Complaint are or may be barred by the doctrines of contributory negligence or assumption of the risk.

**TWELFTH DEFENSE**

Defendant hereby reserves the right to assert those defenses that may become known as a result of discovery or investigation of this matter.

**THIRTEENTH DEFENSE**

Defendant asserts that plaintiff lacks or may lack standing to assert some or all of the claims alleged in this matter.

**FOURTEENTH DEFENSE**

Defendant asserts that plaintiff's claims are or may be barred by the absence of privity.

**FIFTEENTH DEFENSE**

Defendant assert that plaintiff's claim of breach of fiduciary is barred as a matter of law by virtue of plaintiff's claim under § 502(a)(1)(B), which subsumes plaintiff's claim of breach of fiduciary duty and provides plaintiff with an opportunity to for full and adequate remedy herein.

**SIXTEENTH DEFENSE**

Defendant assert that Plaintiff seeks or may seek relief that is unavailable under ERISA, which provides the exclusive remedies for claims relating to ERISA plans such as the plan at issue in this case.

**WHEREFORE**, Defendant CGLIC, having fully answered the Complaint, respectfully request:

a. That the Court dismiss the Complaint with prejudice;

b. That the Court award the Defendant the costs incurred as a result of this lawsuit including reasonable attorney's fees;

c. That the Court award the Defendant such further relief as it deems just and proper.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP


/s/ David A. Seltzer
Laura N. Steel, Esquire (Bar No. 367174)
David A. Seltzer (Bar No: 437436)
1341 G Street, N.W. - Suite 500
Washington, D.C. 20005
(202) 626-7660
fax (202) 628-3606

*Counsel for Defendant*
*Connecticut General Life Insurance Company*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer to Plaintiff's Complaint was filed and served electronically, this 14th day of November 2006 to:

Jason Ehrenberg
Bailey & Ehrenberg PLLC
1155 Connecticut Avenue, NW, Suite 1100
Washington, DC 20036

/s/ *David A. Seltzer*
David A. Seltzer

246678.1